# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN STOUFER,

      Plaintiff,

  v.

FEDERAUL BUREAU OF INVESTIGATION and DEPARTMENT OF JUSTICE, OFFICE OF INSPECTOR GENERAL,

      Defendants.

Case No. 3:20-cv-00046-SLG

## ORDER

Before the Court at Docket 10 is Plaintiff's *ex parte* motion requesting the Court accept his motion to add counsel as an *ex parte* filing. Mr. Stoufer indicated he sought to file the motion on *ex parte* because the motion seeking counsel contained confidential personal information about him. Given the public's right of access to court records, only the confidential portion of any filing should be the subject of a motion to file *ex parte*. However, the Court will grant the motion to permit the entire filing at Docket 10 to remain an ex parte filing on the docket and will address the Motion Requesting Volunteer Attorney filed at Docket 10-1 on the merits.

This is a civil case, not a criminal case. And although a defendant in a criminal case has a right to assistance of counsel under the Sixth Amendment of

the United States Constitution, generally a person has no federal right to an appointed attorney in a civil action.[1]

Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." "The decision to appoint counsel in a civil suit is one of discretion. . . . A district court must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively."[2] Without these factors, there are no "exceptional circumstances" under which the Court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).[3] And although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[4]

At this stage of the litigation, this Court cannot evaluate Mr. Stoufer's likelihood of success on the merits. And although section 1915(e)(1) permits the Court to request a volunteer attorney, at present this Court has no list of volunteer attorneys from which it may request counsel to represent Mr. Stoufer. Moreover,

---

[1] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[2] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[3] *Id.*; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

[4] *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

Case No. 3:20-cv-00046-SLG, *Stoufer v. FBI, et al.*
Order
Page 2 of 3
Case 3:20-cv-00046-SLG   Document 13   Filed 06/12/20   Page 2 of 3

Mr. Stoufer has demonstrated that he is able to articulate his claims *pro se* in light of the complexity of the legal issues involved, such that this case is not an "exceptional" one that necessitates the assistance of counsel.

For the reasons discussed above, the Motion to File Ex Parte at Docket 10 is GRANTED; the underlying Motion Requesting Volunteer Attorney at Docket 10-1 is **DENIED**.

DATED this 12th day of June, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE
