Steven Stoufer, Pro Se
1120 Norman St 4
Anchorage, AK 99504
907-310-0135



RECEIVED

DEC 0 1 2020

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

STEVEN STOUFER,

    Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION; DEPARTMENT OF
JUSTICE; OFFICE OF INSPECTOR
GENERAL; OFFICE OF THE
ATTORNEY GENERAL; UNITED
STATES MARSHALS SERVICE; and
DEPARTMENT OF JUSTICE,

    Defendants.

Case No. 3:20-CV-00046-SLG

## DECLARATION OF STEVEN STOUFER

I request discovery under 56(d) to oppose the Defendant's Motion for Summary

Judgment. Docket 38. This discovery is to determine if a record was created from

communications to or from the Defendants. The communications should have created some

type of record. The discovery is also needed to better understand how the Defendants

conducted their searches and attempted to locate all relevant documents. "FOIA requires an

agency responding to a request to demonstrate that it has conducted a search reasonably

calculated to uncover all relevant documents." Lahr v. NTSB, 569 F.3d 964, 986 (9th Cir. 2009).

## DISCOVERY NEEDED FROM FBI

I have contacted the FBI multiple times and have received information that a FBI employee was aware of the illegal activity I brought to the attention of the FBI. The FBI probably created some type of record as it processed this information. The FBI stated no responsive records were found in the search it performed. Dkt. 38-1 p. 11 ¶ 29. Since my FOIA request was for all records related to me, these communications suggest there are records not located by the FBI.

On about 4/3/2018 I sent a letter asking the office of Senator Sullivan of Alaska for help with a federal agency, the FBI. I received a response from the office that included a statement made by the then Acting Chief Division Counsel of the FBI, Michael Gulland. The statement said in part "FBI Anchorage is in receipt of the materials provided to your office by Mr. Stoufer. The FBI will review and follow-up directly with Mr. Stoufer as necessary." Ex D. This statement indicates the FBI may have records of what the FBI did with the materials Mr. Gulland mentioned. I request discovery to ask Mr. Gulland if he is aware where records connected to the present case's FOIA search request may be located.

I request discovery of Senator Sullivan's office to indicate to the court that the office received the above email from Mr. Gulland, the then Acting Chief Division Counsel of the FBI.

On 5/11/2018, I sent a message to the FBI, using the FBI's webpage for tips, about several illegal actions that occurred during surveillance. Exhibit A . On 2/17/19, I sent another message to the FBI's describing another illegal activity that occurred after the first message

was sent (assault with vehicle). Ex. B. In the FBI's review or investigation of these emails it may have created records responsive to the FOIA search. It isn't clear where these emails were forwarded or where the records are located. I request discovery of the FBI's electronic communications to locate a trail of what happened to these emails, or alternatively, for the FBI to search its electronic communications.

The FBI's declaration states "a FOIPA analyst must consider potentially responsive indexed records" and then makes "scoping decisions to determine the total pool of records responsive to an individual request". Dkt. 38-1 p. 9-10 ¶ 29. I request discovery to determine if any potentially responsive indexed records were determined to be outside the scope of my request. Also, is it possible that a record of a deleted record would be determined to not be responsive to an individual request? Does the person that makes the scoping decisions evaluate the FOIA law and rules for providing responsive information to a FOIA request?

## DISCOVERY NEEDED FROM OFFICE OF THE INSPECTOR GENERAL

The Office Of The Inspector General Of The Intelligence Community (IGIC) provided a referral to the DOJIG. Ex. C. The DOJIG provided no records about this referral, including no records about any determination made about the referral. I request discovery about this referral to locate the referral and any other responsive records created in response to this referral. I also request discovery of the IGIC to indicate to the court the IGIC provided the referral.

## OFFICE OF THE INSPECTOR GENERAL USE OF EXEMPTION 7(C) AND EXEMPTION 6

The Defendant FBI misapplies exemption 7(C) and exemption 6 to the record at Dkt. 38-3. To apply exemption 7(C) the agency should demonstrate that the record was created for a law enforcement purpose. Dkt. 38 p. 20. The record appears to have been created as part of an employer's routine monitoring and record keeping connected to an employee. There is no hint of a criminal investigation

or inquiry with this document. It appears this record was created using the same procedure the component would use if it was conducting an inquiry into employee's unprofessional conduct and not a criminal investigation.

Even if the Court determines this record was somehow created for a law enforcement purpose, exemption 7(C) should not allow any information to be withheld. The Defense suggests releasing this information would constitute an unwarranted invasion of personal privacy. Dkt. 38 p. 21. To determine if releasing the information would constitute an unwarranted invasion of personal privacy, the court should "balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." Lahr v. National Transportation Safety Board 569 F.3d 974 (9th Cir. 2009). The privacy interest is reduced if there was illegal activity or misconduct, the employee was a high level employee, and the employee was a public official. Lahr v. National Transportation Safety Board 569 F.3d 977, 978 (9th Cir. 2009). The illegal activity at issue is a threatening comment ("So, black and blue." Police report #180509927). Marlin Ritzman was described by the FBI Anchorage Field Office's webpage as the supervisory agent in-charge of the Anchorage Field Office. He was a high level FBI employee. A supervisory agent in-charge is considered by the circuit to be a public official. Lahr at 977. Accordingly, the privacy interest is sufficiently less than the public interest in learning the identity of the person covertly involved in making the threatening comment and exemption 7(C) should not apply.

Exemption 6 should also not permit information to be withheld. The privacy protections of exemption 7(C) are broader than the privacy protections under exemption 6. Dkt. 38 p. 21. Since exemption 7(C) shouldn't apply, exemption 6 shouldn't apply.

**DISCOVERY NEEDED FROM THE OFFICE OF THE ATTORNEY GENERAL**

The affidavit for OAG records search stated the OAG does not typically maintain records on individuals and so decided to search some of the OAG's electronic communication records. Dkt. 38-4

Stoufer v. FBI  Case No. 3:20-CV-00046-SLG  4 of 6

Case 3:20-cv-00046-SLG  Document 40  Filed 12/01/20  Page 4 of 6

Ex. D ¶ 5. The OAG record search was restricted to "formal, controlled, unclassified correspondence". Dkt. 38-4 Ex. D ¶ 11.

I request discovery to better understand the nature of the search restrictions and determine if the search was inadequate. Was the search for records restricted to formal and controlled and unclassified correspondence? For example, would a correspondence that was informal, controlled, and(?) unclassified have been searched? Would a record the OAG considers to be informal, controlled, and(?) unclassified communication have been searched?

What was it about the FOIA search in the present case that caused the search to be limited to formal correspondence? Or controlled correspondence? Or unclassified correspondence? If, for example, a search term is found in both formal and informal record sets, then is there a tendency for the search term to occur more frequently in the informal record set? If so, this suggests that an informal record search would be less restrictive than a formal record search. The same applies to a search for controlled records. If, for example, a search term is found in both controlled and non-controlled record sets, then is there a tendency for the search term to occur more frequently in the uncontrolled record set?

The OAG may not typically maintain records on individuals, but it should still search those individuals' records it does maintain when it receives a FOIA request for individual records. If the OAG never searches individual records, then it will never provide requesters the records it does maintain. The OAG does allow a seemingly very restricted search of its electronic communication, perhaps because this search will provide a requester with a better idea of what the government (OAG) is up to than a search for an individual's records. The responses to the discovery I requested of this search should show this search is too restricted to be an adequate search for FOIA records. What the OAG should do instead is 1) search individual files, however few they may be, when requested and 2)

search electronic communications without the restrictions described above. Searching both places should give a requester the opportunity to locate records of what the OAG has been doing.

I declare under penalty of perjury that the forgoing is true and correct, and that Exhibits A through D are true and correct copies.

DATED: November 29, 2020

Respectfully submitted,

_____
Steven Stoufer

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2020, a copy of the foregoing was served via first class U.S. mail on:

John Fonstad
Assistant U.S. Attorney
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567

_____
Steven Stoufer

Stoufer v. FBI  Case No. 3:20-CV-00046-SLG     6 of 6

Case 3:20-cv-00046-SLG   Document 40   Filed 12/01/20   Page 6 of 6