# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

STEVEN STOUFER,

               Plaintiff,

      v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

            Defendants.

Case No. 3:20-cv-00046-SLG

## ORDER RE MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 38 is Defendants' Motion for Summary Judgment.[1]  Plaintiff Steven Stoufer responded in opposition at Docket 40.[2]  Defendants replied at Docket 41.  Oral argument was not requested and was not necessary to the Court's decision.  For the following reasons, Defendants' Motion for Summary Judgment will be granted.

---

[1] Defendants are the Federal Bureau of Investigation ("FBI"); Department of Justice, Office of Inspector General ("OIG"); Office of Information Policy ("OIP") on behalf of the Office of the Attorney General ("OAG"); United States Marshals Service ("USMS"); and the Department of Justice ("DOJ").  Although the term "Defendants" is used throughout this order, the only proper defendant is the Department of Justice because the FBI, OIG, OIP, OAG, and USMS are components of DOJ and therefore are not agencies within the meaning of 5 U.S.C. § 552(f)(1).

[2] Plaintiff styled his filing as a declaration. *See* Docket 40 ("Declaration of Steven Stoufer"). The Court construes the filing as a response in opposition to Defendants' Motion for Summary Judgment and a request for discovery.

## FACTUAL BACKGROUND

Pro se Plaintiff alleges that the "FBI or some other law enforcement organization" attempted to "recruit" him to participate in an "interactive surveillance team" and "in [a] tribal disruption."[3]  Plaintiff contends that the "FBI or another law enforcement organization retaliated" against him when he rebuffed these "recruitment events."[4]  Plaintiff reported the recruitment events and the retaliation, which allegedly included assaults, threats, and harassment, to the Anchorage Police Department, the FBI, and the office of Alaska Senator Dan Sullivan.[5]  Plaintiff sent Freedom of Information Act ("FOIA") requests to the FBI, OIG, OIP seeking records of OAG, and USMS in a purported effort to learn more about this alleged conduct and to obtain any records concerning himself.[6]  Plaintiff initiated this action on February 26, 2020, alleging that Defendants violated FOIA, 5 U.S.C. § 552, by failing to produce the requested records and, to the extent that documents were produced, improperly invoking FOIA exemptions to redact the records.[7]

_____

[3] Docket 29 at 2–3, ¶ 4–9 (Am. Compl.).  Plaintiff's amended complaint was originally submitted at Docket 22; however, that docket entry was missing page 4 of 6.  Accordingly, the Court cites Docket 29 as the operative complaint.

[4] Docket 29 at 3, ¶ 9 (Am. Compl.).

[5] Docket 29 at 2, 4 ¶¶ 4, 23 (Am. Compl.); Docket 40 at 2–3 (Opp.).

[6] Docket 29 at 3–6, ¶ 12–30 (Am. Compl.).

[7] Docket 1 (Compl.); Docket 29 at 6, ¶ 34 (Am. Compl.).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 2 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 2 of 21

## LEGAL STANDARD

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."[8] Accordingly, FOIA mandates the disclosure of agency records upon request unless they fall within one of the nine statutory exemptions.[9]

A court reviews an agency's response to a FOIA request de novo.[10] The agency bears the burden of establishing the adequacy of its search for responsive records and in proving the applicability of a statutory exemption to redact or withhold documents.[11] To meet these burdens, an agency may rely upon "reasonably detailed, non-conclusory affidavits."[12] "Affidavits submitted by an agency to demonstrate the adequacy of its response are presumed to be in good faith."[13] "A court may rely solely on government affidavits so long as the affiants

---

[8] *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

[9] 5 U.S.C. § 552(a)(3)(A), (b)(1)–(9); *Pickard v. DOJ*, 653 F.3d 782, 790 (9th Cir. 2011) (Wallace, J., concurring) ("'Congress established FOIA to strike a balance between the public's interest in knowing what [its] government is up to and the legitimate governmental or private interests in withholding documents subject to FOIA's exemptions.") (internal quotation marks omitted).

[10] 5 U.S.C. § 552(a)(4)(B).

[11] *Hamdan v. DOJ*, 797 F.3d 759, 770 (9th Cir. 2015); *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009).

[12] *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985); *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996).

[13] *Hamdan*, 797 F.3d at 770.

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 3 of 21

are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the government's claim."[14] "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further."[15] Courts also "accord substantial weight to an agency's declarations regarding the application of a FOIA exemption."[16]

"FOIA requires an agency responding to a request to 'demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'"[17] In evaluating the adequacy of a search, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."[18] The "failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate."[19]

---

[14] *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135 (9th Cir. 2008) (internal quotation marks omitted).

[15] *Id.* at 1135–36 (internal quotation marks omitted).

[16] *Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012) (citing *Hunt v. CIA*, 981 F.2d 1116, 1119–20 (9th Cir. 1992)).

[17] *Lahr*, 569 F.3d at 986 (quoting *Zemansky*, 767 F.2d at 571).

[18] *Id.* at 987 (quoting *Zemansky*, 767 F.2d at 571 (emphasis omitted)).

[19] *Id.* at 988; *Wilbur v. C.I.A.*, 355 F.3d 675, 678 (D.C. Cir. 2004) ("Likewise, the agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.").

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 4 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 4 of 21

Because facts in FOIA cases are rarely in dispute, "[m]ost FOIA cases are resolved by the district court on summary judgment."[20]  Discovery is generally unnecessary.[21]

## DISCUSSION

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56, asserting that each DOJ component conducted an adequate search and, when documents were located, properly invoked FOIA exemptions to redact the documents.[22]  Plaintiff questions the adequacy of Defendants' searches and requests discovery.[23]  The Court addresses each component in turn.

## I.   FBI

On March 21, 2018, Plaintiff submitted a FOIA request to the FBI, seeking (1) records pertaining to himself and (2) records related to surveillance and the warrant process used by the FBI.[24]  The FBI administratively separated the request into the two categories.[25]  As to the records request relating to Plaintiff himself, the FBI informed Plaintiff by letter dated April 13, 2018 that it had conducted a search

---

[20] *Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 989 (9th Cir. 2016); *see* Fed. R. Civ. P. 56.

[21] *See Lane*, 523 F.3d at 1134–35 ("Courts routinely delay discovery until after summary judgment . . . .").

[22] Docket 38 at 1–3 (Mot. Summ. J.).

[23] *See* Docket 40 (Opp.).

[24] Docket 29 at 4, ¶ 17 (Am. Compl.); Docket 38-1 at 3, ¶ 5 (Decl. of Michael Seidel, FBI).

[25] Docket 29 at 4, ¶ 18 (Am. Compl.); Docket 38-1 at 3, ¶ 6 (Decl. of Michael Seidel, FBI).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 5 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 5 of 21

of its Central Records System ("CRS") and was unable to identify any responsive records.[26]  Plaintiff appealed the FBI's determination by letter received on July 17, 2018.[27]  OIP's Administrative Appeals Staff denied Plaintiff's appeal by letter dated September 17, 2018.[28]  As to the records request related to surveillance and the warrant process, by a separate letter dated April 13, 2018, the FBI informed Plaintiff that it required more specific information to process the request.[29]  Plaintiff provided additional information by email on July 11, 2018.[30]  Upon receipt of that information, the FBI determined the request related to Plaintiff personally and therefore fell under the first category as well.[31]  The FBI then combined the two requests and conducted an additional search.[32]  The FBI informed Plaintiff of the consolidation and additional search by letter dated June 10, 2020.[33]  The FBI's searches did not locate any responsive records to Plaintiff's FOIA request.[34]

---

[26] Docket 29 at 4, ¶ 18 (Am. Compl.); Docket 38-1 at 3, ¶ 7 (Decl. of Michael Seidel, FBI).

[27] Docket 38-1 at 4, ¶ 10 (Decl. of Michael Seidel, FBI).

[28] Docket 29 at 4, ¶ 21 (Am. Compl.); Docket 38-1 at 5, ¶ 12 (Decl. of Michael Seidel, FBI).  OIP Administrative Appeals Staff adjudicates administrative appeals of initial FOIA request responses made by DOJ components, including the FBI.  *See* Docket 38-1 at 46–47 (Decl. of Michael Seidel, FBI); Docket 38-4 at 4, ¶ 7 n.4 (Decl. of Vanessa R. Brinkmann, OIP).

[29] Docket 29 at 4, ¶ 19 (Am. Compl.); Docket 38-1 at 4, ¶ 8 (Decl. of Michael Seidel, FBI).

[30] Docket 29 at 4, ¶ 20 (Am. Compl.); Docket 38-1 at 4, ¶ 9 (Decl. of Michael Seidel, FBI).

[31] Docket 38-1 at 4, ¶ 9 (Decl. of Michael Seidel, FBI).

[32] Docket 38-1 at 5, 11 ¶¶ 14, 29 (Decl. of Michael Seidel, FBI).

[33] Docket 38-1 at 5, ¶ 14 (Decl. of Michael Seidel, FBI); Docket 38-1 at 49.

[34] Docket 38-1 at 11, ¶ 29 (Decl. of Michael Seidel, FBI).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 6 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 6 of 21

In support of the adequacy of its searches, the FBI submitted the declaration of Michael Seidel, the agency employee who supervised the FOIA search.[35]  Mr. Seidel explained in detail the database systems and search methodologies used to respond to Plaintiff's FOIA request.[36]  He explained that CRS "is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its [] missions and functions as a law enforcement" agency.[37]  CRS includes index entries for "individual[s] . . . that [are] the subject or focus of an investigation" and "individuals . . . associated with the case but [who] are not the main subject(s) or focus of an investigation."[38]  When searching CRS for records related to Plaintiff, the FBI used multiple variations of his name and his date of birth.[39]

---

[35] Mr. Seidel is the Section Chief of Record/Information Dissemination Section ("RIDS"), "whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA . . . ." Docket 38-1 at 2, ¶¶ 1, 2. Mr. Seidel declares that the "statements contained in [his] declaration are based upon [his] personal knowledge, upon information provided to [him] in [his] official capacity, and upon conclusions and determinations reached and made in accordance therewith." Docket 38-1 at 2, ¶ 2. *See Lahr*, 569 F.3d at 990 ("As a general matter, an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy the personal knowledge requirement of Federal Rule of Civil Procedure 56(e).") (internal quotation marks omitted).

[36] *See generally* Docket 38-1 (Decl. of Michael Seidel, FBI).

[37] Docket 38-1 at 5–6, ¶ 16 (Decl. of Michael Seidel, FBI).

[38] Docket 38-1 at 6–7, ¶ 18 (Decl. of Michael Seidel, FBI).

[39] Docket 38-1 at 10, ¶ 28 (Decl. of Michael Seidel, FBI).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 7 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 7 of 21

Given that Plaintiff sought records related to himself, ostensibly alleging that he is the subject or focus of—or associated with—FBI law enforcement activity, any such information would reasonably be expected to reside within CRS. The FBI searched the system twice with adequate variations and found no responsive records. Plaintiff, however, challenges the adequacy of the FBI's search. Plaintiff points to specific communications that he allegedly had directly and indirectly with the FBI, asserting that the non-disclosure of those communications, which ostensibly should have been discovered in CRS or "created some type of record," demonstrate the inadequacy of the search.[40] First, Plaintiff alleges that on or about April 3, 2018, he sent a letter to the office of Alaska Senator Sullivan asking for help with the FBI.[41] Plaintiff states he received a response from the Senator's office, which was purportedly a forwarded email of the FBI's response to the Senator's office.[42] Second, Plaintiff alleges that he twice contacted the FBI directly.[43] But Plaintiff has not adduced admissible evidence of his alleged communications with the FBI.[44] The purported emails are merely lines of text.[45]

---

[40] Docket 40 at 1–3 (Opp.).

[41] Docket 40 at 2 (Opp.).

[42] *See* Docket 40 at 2 (Opp.) (citing Docket 40-4).

[43] *See* Docket 40 at 2–3 (Opp.) (citing Dockets 40-1, 40-2).

[44] *See* Fed. R. Evid. 901(a).

[45] *See* Docket 40-1, 40-2, 40-4.

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 8 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 8 of 21

The documents do not contain the distinctive characteristics of an email, such as the identity of the sender and the recipient, the date and time sent, and the subject line.[46]  Accordingly, the Court declines to consider these documents in assessing the adequacy of the FBI's search.  And even if the Court were to consider the purported emails, "the failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate."[47]

Plaintiff also appears to contend that the FBI should have searched individual email accounts in addition to CRS.[48]  However, "[i]n accordance with FBI policy, emails and other communications which provide substantive documentation regarding the FBI's investigative actions, contain important and/or valuable evidentiary information, or are required to be maintained by law or regulation, are serialized and made retrievable through the CRS."[49]  As such, any substantive emails would likely be located in CRS and, therefore, "additional searches would be redundant and unlikely to locate additional responsive records."[50]  Moreover, the Ninth Circuit Court of Appeals has rejected a similar

---

[46] Fed. R. Evid. 901(b)(4).

[47] *Lahr*, 569 F.3d at 988.

[48] Docket 40 at 2–3 (Opp.) ("I request discovery of the FBI's electronic communications to locate a trail of what happened to these emails, or alternatively, for the FBI to search its electronic communications.").

[49] Docket 41-1 at 4, ¶ 6 (Supp. Decl. of Michael Seidel, FBI).

[50] Docket 41-1 at 3, ¶ 5 (Supp. Decl. of Michael Seidel, FBI).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 9 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 9 of 21

argument that the FBI should have searched the "email files of specific FBI personnel."[51]  Based on the Court's de novo review of the FBI's response and Mr. Seidel's declaration, the Court finds that the FBI conducted a search reasonably calculated to uncover all relevant documents.[52]

Plaintiff also "request[s] discovery of the FBI's electronic communications to locate a trail of what happened to these emails" and to "determine if any potentially responsive indexed records were determined to be outside the scope of my request."[53]  However, Plaintiff does not articulate how the emails are "essential to oppose summary judgment."[54]  Plaintiff also has not demonstrated that the alleged records outside the scope of his request actually "exist."[55]  Accordingly, the Court denies discovery as to the FBI's FOIA search.[56]

---

[51] See *Hamdan*, 797 F.3d at 771–72.

[52] *See Lahr*, 569 F.3d at 986.

[53] Docket 40 at 3 (Opp.).

[54] *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) ("The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.").

[55] *Id.* (holding plaintiff failed to satisfy requirements of Fed. R. Civ. P. 56(f)).

[56] *See Case v. DOJ*, Case No. CV-12-0500-JTR, 2013 WL 6587918, at *5 (E.D. Wash. Dec. 13, 2013) ("The failure of an agency 'to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.'" (quoting *Wilbur*, 355 F.3d at 678)).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 10 of 21

## II. OIG

On July 16 or 18, 2019, Plaintiff submitted a FOIA request to the Office of the Inspector General ("OIG") seeking records pertaining to himself.[57] OIG provided a substantive response on August 26, 2019, producing three pages of responsive materials and explaining that it made certain redactions pursuant to statutory exemptions.[58] OIP's Administrative Appeals Staff denied Plaintiff's administrative appeal on January 16, 2020.[59]

In support of the adequacy of its search, OIG submitted the declaration of Deborah Waller, the agency employee who supervised the FOIA search.[60] Ms. Waller explained in detail the database systems and search methodologies used to respond to Plaintiff's request.[61] OIG is responsible for investigating employee misconduct and for auditing and inspecting the operations of the Department of

---

[57] Docket 29 at 3, ¶ 12 (Am. Compl.); Docket 38-2 at 3, ¶ 5 (Decl. of Deborah M. Waller, OIG).

[58] Docket 29 at 3, ¶ 14 (Am. Compl.); Docket 38-2 at 4, ¶ 9 (Decl. of Deborah M. Waller, OIG); Docket 38-3 (OIG FOIA Production).

[59] Docket 29 at 3, ¶ 15 (Am. Compl.); Docket 38-2 at 6–7, ¶ 15 (Decl. of Deborah M. Waller, OIG).

[60] Ms. Waller is the "Supervisory Government Information Specialist for the Office of the Inspector General, United States Department of Justice (OIG), Washington, D.C." Docket 38-2 at 1, ¶ 1. Ms. Waller declares that the "statements in [her] declaration are based upon [her] personal knowledge and experience and upon information made available to [her] in the course of my official duties." Docket 38-2 at 1-2, ¶ 1. *See Lahr*, 569 F.3d at 990 ("As a general matter, an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy the personal knowledge requirement of Federal Rule of Civil Procedure 56(e).") (internal quotation marks omitted). OIG conducted a second search on January 15, 2020, and again did not locate any additional responsive documents. Docket 38-2 at 6–7, ¶ 15.

[61] *See generally* Docket 38-2 (Decl. of Deborah M. Waller, OIG).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 11 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 11 of 21

Justice.[62]   According to Ms. Waller, OIG searched its Investigation Data Management System ("IDMS"), which is the database of all OIG investigative records.[63]   OIG did not search its audit and inspection records because those "audit and inspections records do not focus on the conduct of individuals, [and therefore] there is no reasonable possibility that those records will contain information regarding Plaintiff's request."[64]   The search of IDMS returned the three responsive pages provided to Plaintiff, which OIG redacted pursuant to Exemptions 6 and 7(C).[65]   The responsive records reflected Plaintiff's prior complaints to OIG concerning the alleged recruitment events and harassment.[66]

In opposition, Plaintiff indirectly challenges the adequacy of the search and requests discovery.  Plaintiff alleges that OIG did not provide records relating to a referral from the Office of the Inspector General of the Intelligence Community ("OIG-IC") to OIG.[67]   Because OIG did not produce this record, according to

---

[62] Docket 38-2 at 2, ¶ 2 (Decl. of Deborah M. Waller, OIG).

[63] Docket 38-2 at 3, ¶ 7 (Decl. of Deborah M. Waller, OIG) ("The keywords searched included the first and last name of STEVEN and STOUFER. I also searched just the last name STOUFER, with and without the middle name and Plaintiff's social security number, to ensure the search encompassed any records that would be retrievable by that name.").

[64] Docket 38-2 at 3–4, ¶ 8 (Decl. of Deborah M. Waller, OIG) ("Moreover, the OIG cannot search [the audit and inspection] records by the name provided by Plaintiff or any other personal identifier.").

[65] Docket 38-2 at 4, ¶¶ 9, 10 (Decl. of Deborah M. Waller, OIG).

[66] *See* Docket 38-3 (OIG FOIA Production).

[67] Docket 40 at 3 (Opp.).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 12 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 12 of 21

Plaintiff, discovery is needed.[68]  However, it appears that OIG did produce a record of a complaint that it "received from OIG, Intelligence Community via OIG Hotline Fax on 12/13/2018."[69]  According to a purported copy of a notification letter from OIG-IC, which confirmed that OIG-IC referred the matter to OIG, Plaintiff submitted the complaint to OIG-IC on October 22, 2018.[70]  OIG-IC apparently referred the complaint to OIG shortly after receiving the complaint from Plaintiff.  And even if the referral was not produced in Plaintiff's FOIA request, "the failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate."[71]  Based on the Court's de novo review of OIG's response and Ms. Waller's declaration, the Court finds that OIG demonstrated it conducted a search reasonably calculated to uncover all relevant documents.[72]

Plaintiff also asserts that OIG misapplied the FOIA exemptions.  Plaintiff contends that FOIA Exemption 7(C) cannot apply because "the agency [did not] demonstrate that the record was created for a law enforcement purpose."[73]

---

[68] Docket 40 at 3 (Opp.).

[69] *See* Docket 38-3 at 3 (OIG FOIA Production).

[70] Docket 40-3 (Opp.) (OIG-IC Notification Letter).

[71] *Lahr*, 569 F.3d at 988.

[72] *See id.* at 986.  Plaintiff also requests discovery "to locate the referral." Docket 40 at 3 (Opp.). However, given that the referral was ostensibly disclosed, the Court declines to grant discovery as it relates to OIG's FOIA search.

[73] Docket 40 at 3–4 (Opp.).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 13 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 13 of 21

Further, Plaintiff asserts that, should the Court find otherwise, the public interest in disclosure outweighs the privacy interest of the individual who allegedly retaliated against Plaintiff.[74]

Exemption 7(C) carves out "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]"[75] Exemption 7(C) redactions are evaluated under a two part test. First, "an agency with a clear law enforcement mandate [such as OIG] need establish only a 'rational nexus' between its law enforcement duties and the document for which Exemption 7 is claimed."[76] Here,

---

[74] Docket 40 at 4 (Opp.).

[75] 5 U.S.C. § 552(b)(7)(C).

[76] *Binion v. DOJ*, 695 F.2d 1189, 1194 (9th Cir. 1983) (quoting *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 748 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund*, 836 F.3d 987); *Rosenfeld v. DOJ*, 57 F.3d 803, 808 (9th Cir. 1995); *see, e.g.*, *Van Mechelen v. U.S. Dep't of Interior*, Case No. C05-5393, 2005 WL 3007121, at *4 (W.D. Wash. Nov. 9, 2005) (applying the deferential "rational nexus" test to exemption claims by the Department of Interior's Office of Inspector General).

The Ninth Circuit Court of Appeals pursues separate inquiries for agencies that have clear law enforcement mandates and those with "mixed" functions that encompass both administrative and law enforcement duties. *See Church of Scientology*, 611 F.2d at 748 ("[A]n agency which has a 'mixed' function, encompassing both administrative and law enforcement functions, must demonstrate that it had a purpose falling within its sphere of enforcement authority in compiling the particular document . . . In determining whether a 'law enforcement purpose' is present, courts must look to the purpose behind the compilation of the document."); *see also Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 203 (D.C. Cir. 2014) ("If the agency has mixed law enforcement and administrative functions, we will 'scrutinize with some skepticism the particular purpose claimed.'" (quoting *Tax Analysts v. I.R.S.*, 294 F.3d 71, 77 (D.C. Cir. 2002))). Even assuming OIG is a mixed function agency, OIG has demonstrated that its purpose for compiling the documents fell squarely within its investigative functions, in contrast to its auditing and inspection functions. *See* Docket 38-3 (OIG FOIA Production) (documents compiled by "OIG - Investigations"); Docket 38-2 at 2–3, 5 ¶¶ 2–4, 13

---

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 14 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 14 of 21

the disclosed records catalogued Plaintiff's complaints to OIG that FBI or other agency employees were engaged in "illegal surveillance."[77] It follows that OIG compiled those records with a purpose of monitoring or investigating criminal wrongdoing (i.e., "illegal surveillance") by FBI or other agency employees, which OIG is empowered to do.[78] Accordingly, OIG has established a rational nexus between the disclosed documents and its law enforcement duties. Second, a court "must balance the privacy interest protected by the [redactions] against the public interest in government openness that would be served by disclosure."[79] Here, most of the redactions at issue appear to be the names of OIG employees who were involved in the processing of Plaintiff's complaints.[80] Those individuals have a cognizable privacy interest.[81] Further, any third-party individuals (i.e., FBI or other agency employees) whose names were redacted have a privacy interest as well, especially considering that Plaintiff is alleging that these individuals engaged

---

(Decl. of Deborah M. Waller, OIG).

[77] *See* Docket 38-3 (OIG FOIA Production).

[78] 28 C.F.R. § 0.29a(b)(2) (empowering OIG to "[i]nvestigate allegations of criminal wrongdoing and administrative misconduct on the part of Department [of Justice] employees"); Docket 38-2 at 2–3, ¶¶ 2–4 (Decl. of Deborah M. Waller, OIG).

[79] *Lahr*, 569 F.3d at 973.

[80] *See* Docket 38-3 (OIG FOIA Production); Docket 41 at 13 (Reply) ("[M]ost [] of the redactions at issue were of the names of DOJ-OIG agents, all of whom have privacy interest that even [Plaintiff] does not contest.").

[81] *See Lahr*, 569 F.3d at 977 (permitting redaction of names of FBI agents who worked on an investigation because "lower level officials, like the FBI agents involved here, generally have a stronger interest in personal privacy than do senior officials") (internal quotation marks omitted).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 15 of 21

in illegal activity.[82] "To advance a relevant public interest, the release of [certain] names must 'shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.'"[83] Plaintiff, however, does not adduce any evidence or offer any argument as to how disclosing the names of OIG employees who merely processed the complaints, or the names of third-party individuals, would shed any such light. Accordingly, the privacy interest outweighs the public interest. Therefore, the Court finds that OIG properly invoked Exemption 7(C) for each redaction.

Plaintiff also briefly contends that the "privacy protections of exemption 7(C) are broader than the privacy protections under exemption 6. Since exemption 7(C) shouldn't apply, exemption 6 shouldn't apply."[84] However, as OIG claimed both exemptions for each redaction, and the Court found the redactions proper under Exemption 7(C), it need not address the redactions pursuant to Exemption 6.

## III.    OIP on behalf of OAG

On May 10, 2010, Plaintiff submitted a FOIA request to the Office of Information Policy ("OIP"), seeking records pertaining to himself from the Office of

---

[82] *Schiffer v. FBI*, 78 F.3d 1405, 1410 (9th Cir. 1996) (holding persons named in FBI files have a "strong interest in not being associated unwarrantedly with alleged criminal activity") (internal quotation marks omitted).

[83] *Lahr*, 569 F.3d at 978 (quoting *U.S. Dep't of Def. v. FLRA*, 510 U.S. 487, 497 (1994)).

[84] Docket 40 at 4 (Opp.) (docket citation omitted).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 16 of 21

Case 3:20-cv-00046-SLG    Document 45    Filed 04/27/21    Page 16 of 21

the Attorney General ("OAG").[85] OIP provided a substantive response to Plaintiff's request by letter dated May 11, 2020, stating that a search of its Departmental Executive Secretariat ("DES") database was conducted.[86] The search located a reference to a December 19, 2018 letter from Plaintiff to the Department of Justice, which was forwarded at that time to the Civil Rights Division ("CRT") for handling.[87] The substantive response explained that Plaintiff could request a copy of the correspondence by submitting a request to CRT.[88] Otherwise, no responsive records were identified in the search.[89] OIP's Administrative Appeals Staff denied Plaintiff's administrative appeal on May 19, 2020.[90]

In support of the adequacy of its search, OIP submitted the declaration of Vanessa Brinkmann, the agency employee who supervised the FOIA search.[91]

---

[85] Docket 29 at 5, ¶ 25 (Am. Compl.); Docket 38-4 at 2, ¶ 3 (Decl. of Vanessa R. Brinkmann, OIP). OIP is responsible for processing FOIA requests on behalf of certain Justice Department components, including OAG. Docket 38-4 at 1, ¶ 1 (Decl. of Vanessa R. Brinkmann, OIP).

[86] Docket 29 at 5, ¶ 26 (Am. Compl.); Docket 38-4 at 3, ¶ 5 (Decl. of Vanessa R. Brinkmann, OIP), 13–14 (May 11, 2020 FOIA Response Letter).

[87] Docket 38-4 at 3, ¶ 5 (Decl. of Vanessa R. Brinkmann, OIP), 13–14 (May 11, 2020 FOIA Response Letter); *cf.* Docket 29 at 5, ¶ 26 ("Soon after filing the request, the Plaintiff received an email stating that there were no responsive records.") (Am. Compl.).

[88] Docket 38-4 at 3, ¶ 5 (Decl. of Vanessa R. Brinkmann, OIP), 13–14 (May 11, 2020 FOIA Response Letter).

[89] Docket 38-4 at 7, ¶ 17 (Decl. of Vanessa R. Brinkmann, OIP).

[90] Docket 29 at 5, ¶ 27 (Am. Compl.); Docket 38-4 at 3, 4, ¶¶ 6, 7 (Decl. of Vanessa R. Brinkmann, OIP). OIP Administrative Appeals Staff, a separate and distinct unit within OIP, adjudicated the administrative appeal. Docket 38-4 at 4, ¶ 7 n.4 (Decl. of Vanessa R. Brinkmann, OIP).

[91] Ms. Brinkmann is Senior Counsel in OIP. Docket 38-4 at 1, ¶ 1. "In [that] capacity, [she is] responsible for supervising the handling of the Freedom of Information Act . . . requests processed

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 17 of 21

Ms. Brinkmann explained in detail the database systems and search methodologies used to respond to Plaintiff's request.[92]  Although OAG "does not typically maintain records on individuals, and specifically, would be very unlikely to maintain records on Plaintiff," according to Ms. Brinkmann's declaration, OIP nonetheless searched DES, the "official records repository" for OAG.[93]  DES "maintains records of all formal, controlled, unclassified correspondence sent to or from" OAG and "track[s] internal Department [of Justice] correspondence sent through formal channels."[94]  OIP searched DES using Plaintiff's name ("Steven Stoufer") as the search term, which returned only the 2018 letter that had been forwarded to the Civil Rights Division.[95]

In opposition, Plaintiff appears to allege that the search was too "restricted" and requests discovery.  However, Plaintiff's vague speculation as to the inadequacy of the search methodology does not undermine Ms. Brinkmann's

---

by the Initial Request Staff ("IR Staff") of OIP that are in litigation," including on behalf of OAG. Docket 38-4 at 1, ¶ 1. Ms. Brinkmann declares that she makes the "statements [in her declaration] on the basis of personal knowledge, as well as information provided to [her] by others within the Executive Branch of the Federal Government with knowledge of the types of records at issue in this case, and on information acquired by [her] in the course of performing my official duties." Docket 38-4 at 2, ¶ 2.  *See Lahr*, 569 F.3d at 990 ("As a general matter, an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy the personal knowledge requirement of Federal Rule of Civil Procedure 56(e)") (internal quotation marks omitted).

[92] *See generally* Docket 38-4 (Decl. of Vanessa R. Brinkmann, OIP).

[93] Docket 38-4 at 6–7, ¶¶ 13–14 (Decl. of Vanessa R. Brinkmann, OIP).

[94] Docket 38-4 at 5, ¶ 11 (Decl. of Vanessa R. Brinkmann, OIP).

[95] Docket 38-4 at 7, ¶¶ 15, 17 (Decl. of Vanessa R. Brinkmann, OIP).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 18 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 18 of 21

reasonably detailed, nonconclusory declaration, especially considering that OIP's search actually resulted in a response.[96]  Further, Plaintiff is not entitled to discovery because he has not set forth specific, essential facts that he expects to elicit that would demonstrate the inadequacy of OIP's search.[97]  Based on the Court's de novo review of OIP's response and Ms. Brinkmann's declaration, the Court finds that OIP on behalf of OAG demonstrated it conducted a search reasonably calculated to uncover all relevant documents.[98]

## IV.  USMS

On December 13 or 14, 2018, Plaintiff submitted a FOIA request to the United States Marshals Service, requesting all records pertaining to himself.[99] Plaintiff alleged that, as of July 21, 2020, USMS had "not provided a determination or any responsive records."[100]  USMS, however, maintains that it issued a substantive response to Plaintiff's request in a letter dated May 6, 2019, stating that a search of USMS databases was conducted and that no responsive records

---

[96] *Case*, 2013 WL 6587918, at *5 ("The failure of an agency 'to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.'" (quoting *Wilbur*, 355 F.3d at 678)).

[97] *Fam. Home & Fin. Ctr., Inc.*, 525 F.3d at 827.

[98] *See Lahr*, 569 F.3d at 986.

[99] Docket 29 at 5, ¶ 29 (Am. Compl.); Docket 38-5 at 4, ¶ 14 (Decl. of Charlotte Luckstone, USMS).

[100] Docket 29 at 5, ¶ 30 (Am. Compl.).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 19 of 21

were located.[101]  Plaintiff did not administratively appeal USMS's response to his FOIA request.[102]

In support of the adequacy of its search, USMS submitted the declaration of Charlotte Luckstone, the agency employee who supervised the FOIA search.[103] Ms. Luckstone explained in detail the database systems and search methodologies used to respond to Plaintiff's request.[104]  Plaintiff's opposition does not address USMS's systems or methodologies, seek discovery, or explain his failure to exhaust administrative remedies.[105]  Based on the Court's de novo review of USMS's response and Ms. Luckstone's declaration, the Court finds that USMS

---

[101] Docket 38-5 at 4–5, ¶ 16 (Decl. of Charlotte Luckstone, USMS).  USMS has filed a copy of the substantive response, which includes Plaintiff's address.  Docket 38-5 at 9–10.

[102] Docket 38-5 at 6, ¶ 20 (Decl. of Charlotte Luckstone, USMS).

[103] Ms. Luckstone is an Associate General Counsel in the Office of General Counsel, USMS. Docket 38-5 at 1, ¶ 1.  Ms. Luckstone is "familiar with the procedures for responding to requests made of the USMS under the Freedom of Information Act . . . for information maintained in the records and files of the USMS."  Docket 38-5 at 1, ¶ 1.  "To prepare this declaration, [Ms. Luckstone] reviewed the USMS FOIA access database, as well as an electronic shared drive." Docket 38-5 at 1, ¶ 3.  The database and shared drive contain information cataloguing the USMS's response to Plaintiff's FOIA request.  Docket 38-5 at 4–6, ¶ 13–20.  *See Lahr,* 569 F.3d at 990 ("As a general matter, an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy the personal knowledge requirement of Federal Rule of Civil Procedure 56(e)") (internal quotation marks omitted).  Upon receiving notice of the instant lawsuit, Ms. Luckstone also "reached out to the FOIA liaison in the District of Alaska and (out of an abundance of caution) asked the liaison to perform another search for records pertaining to Mr. Stoufer.  On August 4, 2020, the Administrative Officer for the District of Alaska searched JDIS and Outlook email records using Plaintiff's first and last name and located no responsive records." Docket 38-5 at 5, ¶ 17.

[104] *See generally* Docket 38-5 at 4–5, ¶ 16 (Decl. of Charlotte Luckstone, USMS).

[105] *See generally* Docket 40 (Opp.); *see also Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017) (holding that exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite).

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 20 of 21

demonstrated it conducted a search reasonably calculated to uncover all relevant documents.[106]

## CONCLUSION

In light of the foregoing, IT IS ORDERED THAT Defendants' Motion for Summary Judgment at Docket 38 is GRANTED.  The Clerk of the Court is directed to enter a final judgment accordingly.

Dated this 27th day of April, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[106] *See Lahr*, 569 F.3d at 986.

Case No. 3:20-cv-00046-SLG, *Stoufer v. Federal Bureau of Investigation, et al.*
Order re Motion for Summary Judgment
Page 21 of 21

Case 3:20-cv-00046-SLG   Document 45   Filed 04/27/21   Page 21 of 21